Argued January 22; reversed March 5, 1935

## NIXON v. HAWLEY PULP & PAPER CO.
(41 P. (2d) 807)

*Cassius R. Peck,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*Gunther F. Krause,* of Portland (Lord, Moulton & Krause, of Portland, on the brief), for respondent.

RAND, J.   Plaintiff brought this action against the Hawley Pulp & Paper Company, claiming damages for personal injuries alleged to have been sustained while in its employ. In substance, the complaint alleges that the defendant operates a pulp and paper manufacturing plant at Oregon City and uses large quantities of sulphur and other chemicals in the manufacture of its products, and stores the sulphur in its warehouse in bins that are not air-tight nor dust-

proof; that plaintiff was employed by the defendant to work in its shipping department and warehouse and continued in such employ for a period of nearly five years; that the defendant uses power-driven machinery in the operation of its plant and that it was its duty and that it was practicable for it to construct the bins where the sulphur was stored in such a way as to make them air-tight and dust-proof and thereby prevent the escape of sulphur dust therefrom, and also to install and operate in the warehouse and shipping department where plaintiff worked fans and suction pumps to remove the sulphur dust from the air and to provide plaintiff with a mask, all of which defendant failed to do, and that, by reason thereof, large quantities of sulphur dust escaped from the bins and permeated the warehouse and shipping department and was inhaled by the plaintiff while so employed, causing the plaintiff to sustain permanent injuries to his lungs and his health to be permanently impaired to his damage in the sum of $25,000.

The defendant answered, denying any negligence upon its part and any liability to the plaintiff, and set up two affirmative defenses. In its first further and separate answer, it alleged, in substance, that plaintiff knew of the conditions existing in the warehouse and shipping department at the time he applied for his job and continued to work without complaint or protest for a period of more than four years and thereby assumed the risk.

In defendant's second further and separate answer, it alleged, in substance, that during all the time of plaintiff's employment by the defendant, the defendant and its employees including the plaintiff had each and all accepted the benefits of the Workmen's Compensation Act and were subject to its terms; that the personal

injuries alleged to have been sustained by the plaintiff, if sustained at all, were accidental injuries arising out of and in the course of his employment; that, in accordance with the terms of the act, the acceptance by plaintiff of the benefits of the act were in lieu of any and all claims which the plaintiff might have on account of any injuries he might sustain arising out of and in the course of his employment, and that, by reason thereof, his right of action was barred.

These allegations were all denied by the reply and, upon the trial of the cause, the defendant called witnesses to prove the allegations of its second separate and further defense and offered to show by said witnesses that during all the times mentioned in the complaint both the plaintiff and the defendant had accepted the terms of the Workmen's Compensation Act and were subject to its provisions, and that the business in which the defendant was engaged was a hazardous business within the meaning of the Workmen's Compensation Act and was covered by the terms thereof; that all the accidents and injuries alleged to have been sustained by the plaintiff were within the terms of the act and covered thereby, and that the plaintiff had filed a complaint with the Industrial Accident Commission seeking compensation under the act for the injuries he now complains of, and that, until after the filing of said claim with the Industrial Accident Commission by the plaintiff, the defendant had no knowledge of any claim upon the part of the plaintiff that he had sustained any injury whatever while in defendant's employ. His offer was denied, the court saying:

"I think this case falls within the terms of the Iwanicki case. This language would seem to lay down the requisites of an accident, that is to say, indicating

elements or factors that must be present in order to constitute what that act terms an accident within the meaning of the Workmen's Compensation Act; that is, some sudden, unexpected happening and there being present the element of suddenness and precipitancy and it having taken place at so certain a time that approximately the time when it happened can be fixed. By virtue of the authority of that case in 104 Oregon, page 650, it is necessary for this court to sustain the objection to the offered evidence, and that will be the ruling."

Under this ruling, the defendant was not permitted to offer any evidence in support of his second further and separate answer and defense and, at the close of the trial, a verdict was rendered in favor of the plaintiff for the sum of $5,364.50. From the resultant judgment, the defendant has appealed, assigning said ruling as the sole error relied upon upon this appeal.

In the brief and upon the argument here, plaintiff's counsel say that the plaintiff, by inhaling sulphur dust while in defendant's employ, has contracted the disease of pneumoconiosis which, being an occupational disease, is not compensable under the Workmen's Compensation Act and, therefore, that the court's ruling was proper.

It was alleged in the answer that the injury complained of by plaintiff was an accidental injury arising out of and in the course of his employment and that at the time the injury was alleged to have been sustained the defendant was under the protection of the Workmen's Compensation Act. This, if sustained by the evidence, would have been a complete defense. These allegations having been denied by the reply raised an issue of fact which could only be determined after an opportunity had been afforded to the defendant to introduce evidence in support of the de-

fense pleaded in its answer. It was not a question which could be passed upon by the court or jury upon the evidence of the plaintiff only and ordinarily not at all by the court since it was a question of fact and not of law. By its ruling, the learned trial court considered the question as if the injury was admitted by the answer to be an occupational disease and not an accidental injury. In the absence of such an admission, it was improper for the court to treat the matter in that way.

Under the pleadings in the case, the question in issue was whether the plaintiff was suffering from an occupational disease or from an accidental injury arising out of and in the course of his employment. Regardless, therefore, of however persuasive plaintiff's testimony upon that question may have been, the defendant was entitled to a hearing and to offer any proof contradictory to that of the plaintiff which might be at its command, if material upon said issue. By its ruling the court denied to the defendant the right to offer proof in support of a material allegation of its answer and one which was an essential part of the defense pleaded. The judgment, therefore, must be reversed regardless of what might have been the final outcome of the case had the defendant been permitted to offer its proof.

The fact that it was alleged in the complaint that power-driven machinery was used in the operation of defendant's plant does not affect this question, for the operation of factories, mills and workshops where power-driven machinery is used is specifically enumerated in the Workmen's Compensation Act as a hazardous occupation to which the act is applicable: Section 49-1815, Oregon Code 1930. And in the definition of the words "factories", "workshop" and "mill", contained in section 49-1817, they are made to

include, among other things, the entire premises, yard and plant of the employer.

Hence, if the injury was accidental as alleged in the answer, a fact which the defendant was denied the right to prove, and, if the defendant was under the protection of the act, as alleged, the use of power-driven machinery at defendant's plant was wholly immaterial in respect to defendant's right to offer the excluded testimony.

Nothing said herein is intended as an expression of opinion upon our part that the injury complained of by the plaintiff amounted to an occupational disease or that it was accidental in its nature. Upon that question, the condition of this record does not permit us to express any opinion.

For the reasons stated, the judgment must be reversed and it is so ordered.